of building, it is clear that the ordinance and charter imposed a specific duty upon such a contractor, and a failure to perform that duty is evidence of negligence. In Conroy v. Acken, 110 App. Div. 48, 96 N. Y.. Supp. 530, a new trial was ordered upon the ground that the question of the defendant's liability was for the jury, and this conclusion was affirmed by the Court of Appeals (185 N. Y. 566, 77 N. E. 1184); but the question discussed in the Conroy Case was not presented in this action, as it is here expressly alleged that the injury sustained by the deceased was the direct result of the negligence of the defendant Pugh & Co. in failing to comply with this ordinance.

I think a good cause of action was alleged, and it was error to dismiss the complaint.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### BIELE v. LEVY.

(Supreme Court, Appellate Term. December 12, 1907.)

SALES—DELIVERY—TIME AS ESSENCE—COUNTERCLAIM.

Where plaintiff agreed to furnish defendant certain furniture, to be delivered on a certain date, knowing at the time that defendant needed the articles in order to commence carrying on business, time was of the essence of the contract; and in an action by plaintiff for a balance of the price defendant was entitled to counterclaim for damages from a failure of delivery at the time agreed, though he accepted a loan from plaintiff of furniture to take the place of that not delivered, until the delivery could be effected, since the acceptance of the loan cannot be regarded as a waiver of the defendant's right to damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 222, 976.]

Appeal from Municipal Court, Borough of Bronx, Second District.

Action by Charles F. Biele against Aaron E. Levy for goods sold and delivered. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Cohen & Cohen, for appellant.

Charles H. Broas, for respondent.

PER CURIAM. The plaintiff agreed to furnish to defendant one show case, one table, five mirrors, and one cash desk, all to be delivered on October 1, 1906. The mirrors and cash desk were delivered on October 8th, and the show case and the table on October 24th. The agreed price was $675, of which $300 have been paid. Plaintiff sued for the balance, and obtained a judgment therefor with interest and costs. Defendant appeals.

The defense is that the failure to deliver the goods within the specified time prevented the defendant from doing business, and put him to a loss of $500, and he counterclaims $125, being the difference between the claim of plaintiff and the damages sustained by defendant. There is no doubt that time was of the essence of this contract, and that

plaintiff knew at the time the order was given that it was most important for defendant to have the goods as soon as possible, as he needed them before he could commence to carry on his business. It seems that plaintiff on October 12th loaned defendant some similar articles, until plaintiff had supplied the articles ordered; but the acceptance of this loan can hardly be regarded as a waiver of the defendant's right to damages for breach of contract as to the time limit, which had already expired, although such loan may be an element to be considered on the question of assessing defendant's damages for the said breach of contract. Whether defendant proved his full claim for damages or not, it is certain that he proved some damage, which should have been offset against plaintiff's claim.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

---

### BENNET v. LEVY.

(Supreme Court, Appellate Term. December 12, 1907.)

WORK AND LABOR—ACTIONS—JUDGMENT.

> Where, in an action on an assigned claim for work done and materials furnished, the defendant admitted part of the debt sued for, a judgment for defendant was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Henry Bennet against Moses Levy. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Laurence L. Driggs, for appellant.

Max L. Steuer, for respondent.

PER CURIAM. The action is on an assigned claim for work done and materials furnished of the alleged value of $496. The answer admits a debt amounting to $82. The justice gave judgment for defendant. Plaintiff appeals. At the end of the case the court said, "The judgment of the court is clearly for the defendant." The plaintiff's counsel then said, "There is a concession on the record of $82." The defendant's counsel then said, "We admit $82." To this admission the court replied, "Eighty-two dollars then would be the amount for the plaintiff." In spite, however, of the admission in the answer and at the trial that defendant owed $82, the court gave judgment for defendant, with $30 costs. The judgment is clearly against the evidence, and must be reversed. The articles in question consisted of a fur coat, muff, and hat made and delivered to the defendant by the plaintiff's assignor. It is the contention of the defendant that said articles were delivered upon the order of one Semel, and that the transaction fixed no liability upon defendant to the plaintiff's assignor, and that at the time of the alleged assignment to plaintiff the assignor had no claim against the defendant. There is considerable conflict of testimony upon the main issue. Upon another trial the dates of the sev-